**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DAVID DERRINGER,

  Plaintiff-Appellant,

v.

JOHN DENKO, JR.; CARLOS R.
MALDONADO; NEW MEXICO
STATE POLICE,

  Defendants-Appellees.

No. 04-2029
(D.C. No. CIV-03-290-MCA/LAM)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant David Derringer filed a complaint alleging that Appellees John Denko, Jr., Carlos R. Maldonado, and the New Mexico State Police had violated various state and federal laws. [1]  Derringer's complaint claimed that Appellees "violated his rights by failing to arrest or take enforcement action against other individuals whom [Derringer] accuses of violating New Mexico's water laws, criminal code, and other laws." R. Doc. 21 at 2. Derringer also filed a Motion for Order of Mandamus to Enforce State Laws asking the district court to "issue an Order to insure that the [Appellees] give [Derringer] his equal protection under the state criminal laws as the [Appellees] are the chief law enforcement agency in the State of New Mexico." R. Doc. 13 at 1. Derringer wanted Appellees to arrest various participants in a water-rights dispute between Derringer and his wife and a neighboring family in Catron County, New Mexico. A full recitation of the history of that dispute is not necessary for the resolution of this appeal. [2]  In short, Derringer alleges that his neighbors, various members of the New Mexico executive and judicial branches, and law enforcement personnel, have conspired to deprive him of his property and even his life in an effort to steal his water

---

[1]     Derringer's complaint alleged that Denko is the "New Mexico Cabinet Secretary in charge of the Department of Public Safety and New Mexico State Police" and that Maldonado "is currently assigned as the Chief of the New Mexico State Police." R. Doc. 1 at 1.

[2]     Such a recitation may be found in an unpublished order and judgment of this court disposing of a number of related appeals. *See Derringer v. Chapel*, 98 Fed. Appx. 728 (10 th Cir. Apr. 12, 2004) (unpublished).

rights and conceal other various nefarious and illegal activities. Derringer's

allegations against Appellees, however, are more straightforward, and all stem

from the claim that Derringer notified Appellees that he was suffering these

various wrongs and they did nothing to protect him.

The district court, in its Memorandum Opinion and Order dated

December 22, 2003, properly read Derringer's complaint as alleging that

appellees failed to fulfill their duties as law enforcement officers; that this

failure:

> violated his rights under the Fourteenth Amendment of the United
> States Constitution, as well as several federal civil-rights statutes,
> namely 42 U.S.C. §§ 1981(a), 1983, 1985(2), 1985(3), and 1986[;
> and that] the [Appellees] have committed the common-law tort of
> intentional infliction of emotional distress and violated several
> federal criminal statutes, such as 18 U.S.C. §§ 241, 373 [and] 1959.

R. Doc. 21 at 2-3. The district court held that the Eleventh Amendment to the

Constitution divested the court of subject matter jurisdiction over Derringer's

claims for damages against Appellees in their official capacities, and dismissed

those claims without prejudice. The district court further held that any claims

that could be construed as seeking prospective injunctive relief were barred by the

Rooker-Feldman and Younger abstention doctrines, and that "federal courts

lack[ed] jurisdiction to issue writs of mandamus to direct state agencies in the

performance of their duties." *Id*. at 8. The district court, therefore, denied

Derringer's Motion for Order of Mandamus and dismissed, without prejudice, any

claims for injunctive relief on the ground that it had no subject matter jurisdiction over them.

The district court then turned to the civil-rights claims brought against Denko and Maldonado in their individual capacities under 42 U.S.C. §§ 1981, 1983, 1985(2), 1985(3) and 1986; held that the defendants were entitled to qualified immunity because their actions had not violated a clearly established federal statutory or constitutional right, R. Doc. 21 at 9-15; and dismissed those claims with prejudice.

The district court held that Derringer could not recover under the federal criminal statutes because they do not provide a private right of action. In addition, the court held he either failed to state a claim for intentional infliction of emotional distress for which relief could be granted or that such a claim was barred by New Mexico statute. Finally, it found that the procedural grounds Derringer raised for denying Appellees' motion to dismiss were meritless.

This court reviews de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction or failure to state a claim. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Derringer's appellate briefs only briefly address the findings or reasoning of the trial court, concentrating instead on cataloging his complaints against individuals who are not parties to this action. To the extent the briefs raise arguments not raised in the trial court, we do not

-4-

consider them. *See Young v. United States*, 394 F.3d 858, 861 n.2 (10 th Cir. 2005) ("[The] general rule [is] that a federal appellate court does not consider an issue not passed upon below."). Therefore, upon consideration of the parties' briefs and contentions, the entire record on appeal, and de novo review of the district court's order, this court concludes that the district court did not err in dismissing Derringer's complaint.

The final order of the district court dated December 22, 2003, dismissing Derringer's federal civil-rights claims against Appellees in their official capacity without prejudice and dismissing all of Derringer's other claims in this action with prejudice is AFFIRMED for substantially those reasons set out in the district court's well-reasoned memorandum opinion and order of the same date. [3]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3] Also before the district court was a motion to file a surreply brief to Appellee's motion to dismiss. The court denied the motion on the ground that it raised no new legal argument or evidentiary material. We do not read Derringer's briefs as properly appealing the denial of this motion or the previously mentioned motion for order of mandamus. To the extent that he does appeal those rulings, they are affirmed for substantially the reasons set out in the district court's memorandum opinion and order.